**Sheshadri RAJU, MD, Plaintiff–Appellant**

v.

**C. Thomas BOYLEN, MD; University of Southern California, Defendants–Appellees.**

**No. 05–60719.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 27, 2006.

Harvey Curtis Crowley, Schwartz & Associates, Brent H. Hazzard, Hazzard Law, Jackson, MS, for Plaintiff–Appellant.

Cecil Maison Heidelberg, Maison Heidelberg, Ridgeland, MS, for Defendants–Appellees.

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Plaintiff-appellant Sheshadri Raju, M.D. appeals the district court's judgment which dismissed his claims against defendant-appellee C. Thomas Boylen, M.D. under Fed. R.Civ.P. 12(b)(6) for failure to state a claim. On appeal, plaintiff reasserts the arguments he made below to the effect that defendant was not entitled to absolute immunity for expert testimony given by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant in another case. Specifically, he argues that defendant should be considered a complaining witness (and entitled only to qualified immunity) because he was to receive a contingent fee. He quarrels with the district court's reading of history insofar as it relates to the granting of absolute immunity to witnesses. And he argues from the extremely limited exceptions to the absolute immunity granted to judges and prosecutors for similarly limited exceptions for expert witnesses. Finally, he asks that we certify the question whether absolute immunity should be granted to expert witnesses to the Supreme Court of Mississippi. The district court addressed and disposed of all of these arguments (except the request for certification) in a careful, thorough and scholarly opinion, and it would contribute nothing for us to repeat its analysis or conclusions. The district court got it exactly right. As for certification, there is no need to certify a question as to which the indisputably correct answer is at hand.

The judgment of the district court is AFFIRMED.